111   291
159   294

# DAVID LAUNDER

*v.*

# THE CITY OF CHICAGO.

*Filed at Ottawa September 27, 1884.*

1. LICENSES—*granted upon conditions.* Where a person takes out a license to engage in a business he otherwise would have no right to carry on, he takes a privilege subject to the restrictions and burdens imposed by the ordinance under which, alone, it can issue,—and this is a recognition of the validity of the ordinance.

2. SAME—*licenses to pawn-brokers—power to attach conditions.* Under the grant of power by the general law (Rev. Stat. chap. 24, sec. 62, sub. 41,) to cities and villages, it is purely discretionary whether the authorities will license and regulate the business of pawn-brokers, or wholly prohibit and suppress business by them. In such case, if a city grants a license, it may impose such conditions and burdens as it may see fit.

3. SAME—*ordinance relating to pawn-brokers—whether unreasonable.* An ordinance of the city of Chicago requiring every licensed pawn-broker to make out and deliver to the superintendent of police, every day, before the hour of twelve o'clock M., a legible and correct copy from a book to be kept by him, of all personal property and other valuable things received on deposit or purchased during the preceding day, together with the time (meaning the hour) when received or purchased, and a description of the person or persons by whom left in pledge or from whom purchased, is not unreasonable, but is a reasonable means to keep the pawn-broker business free from great abuse by thieves, and for the prevention and detection of crime. Nor is such ordinance tyrannical and oppressive, because no one is bound to bring himself within its provisions.

4. Such an ordinance is not open to the objection that it makes the licensee guilty of an offence for not making a public disclosure of his business transactions. Giving the required information to a public officer of the law, does not give publicity to his business. It is not to be presumed that the chief of police will make an improper use of the information he thus receives, but the contrary. It would be a breach of official duty for him to do so, or to make his information public except when necessary in the detection and punishment of crime.

5. SAME—*reasonableness of ordinance—opinions of witnesses.* The reasonableness and legality of an ordinance do not depend upon the opinions of witnesses as to the possible and probable effect it may have upon a party's business. Hence, in a prosecution of a pawn-broker for not giving informa-

tion of his business transactions to the chief of police, as required by an ordinance, testimony of witnesses as to the probably injurious effect such disclosure would have on his business, is properly excluded.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

This was a prosecution by the city of Chicago, against David Launder, for a violation of section 1713 of the municipal code or ordinances of the city, originally brought before a justice of the peace, and taken by appeal of the city to the Criminal Court of Cook county, where a trial was had resulting in a judgment in favor of the city, inflicting a fine of $10 and costs. This judgment, on appeal of the defendant, was affirmed by the Appellate Court for the First District, and the defendant again appeals, and brings the case to this court.

On the trial, as appears from the bill of exceptions, the plaintiff introduced in evidence section 1713 of the city ordinances, upon which this action was brought, which reads as follows:

"1713. It shall be the duty of every licensed person aforesaid, to make out and deliver to the superintendent of police, every day, before the hour of 12 M., a legible and correct copy from the book required in section 1708 hereof, of all personal property and other valuable things received on deposit or purchased during the preceding day, together with the time (meaning the hour) when received or purchased, and a description of the person or persons by whom left in pledge or from whom the same were purchased."

The plaintiff next read in evidence the section of the ordinance referred to in the preceding section, which reads as follows:

"1708. Every pawn-broker and loan-broker, or keeper of a loan office, shall keep a book, in which shall be fairly written in ink, at the time of each loan, an accurate account and

description, in the English language, of the goods, article or thing pawned or pledged, the amount of money loaned thereon, the time of pledging the same, the rate of interest to be paid on such loan, and the name and residence of the person pawning or pledging the said goods, article or thing. No entry made in such book shall be erased, obliterated or defaced."

It was admitted by the defendant that at and previous to the time of bringing this suit he was a licensed pawn-broker, and that he refused to make the report required by said section 1713.

Appellant testified that he has been engaged in the pawn-broker business for the last eighteen years, and has always had license from the city; that he loans money on pledges of property, notes, bonds, secured paper, etc.; that he has an established business and a regular line of patrons; that his dealings are with reputable people only; that he does not do business with strangers before being satisfied of their respectability; that he carries on his business as a banker; that he keeps a book, as required by section 1708 of the ordinances, in which he causes to be entered an accurate account, as required by that section, of all loans and pledges received by him, and that in the keeping of said book he complies with said section 1708; that said book has always been open to the inspection of the mayor or any member of the police force, as is provided by section 1710 of the ordinances, and that to make the report required would be ruinous to his business. He then introduced in evidence section 1710, as follows:

"1710. The said book, as well as every article or other thing of value pawned or pledged, shall, at all times, be open to the inspection of the mayor or any member of the police force."

Appellant also introduced other evidence, similar to his own testimony, all of which was received subject to the objec-

tions made, and at the conclusion of the case this evidence of the defendant was excluded by the court.

Messrs. MONROE & LEDDY, for the appellant:

Among the rights secured to the citizen of this State are immunity and protection in his house and business from the prying eyes of government,—protection in his person, house, papers and effects against unreasonable searches. Const. 1870, art. 2, sec. 6; Cooley's Const. Lim. (5th ed.) 365, 366; *Sullivan* v. *City of Oneida,* 61 Ill. 248; *City of Clinton* v. *Phillips,* 58 id. 102.

The books and papers of appellant, and their contents, are his private property, and he is entitled to their exclusive use. Any law or ordinance which violates this principle is void. Cooley's Const. Lim. 367; *City of Clinton* v. *Phillips, supra.*

Property consists of certain rights in certain things secured by law. These rights are defined to be, the right of user, the right of exclusion, and the right of disposition. 3 Bentham's works, 221; *Rigney* v. *City of Chicago,* 102 Ill. 77.

It was error to exclude evidence showing the ordinance was unreasonable. *Classon* v. *City of Milwaukee,* 30 Wis. 316.

All ordinances must be reasonable, and not inconsistent with the laws of the State. 2 Kyd on Corporations, 107; Dillon on Mun. Corp. sec. 319; *Kip* v. *City of Patterson,* 2 Dutch. 298; Cooley's Const. Lim. 200, 201.

It is the noxious use, only, that can call forth the power of police regulation. To so regulate, and only so, is the extent and limit to which any law-making power may interfere in any private business lawful in itself. Dillon on Mun. Corp. secs. 141, 142.

Mr. M. R. M. WALLACE, for the appellee:

The legislature has conferred the power to license, tax, regulate, suppress and prohibit pawn-brokers, etc. Rev. Stat. chap. 24, sec. 62, sub. 41.

In such case, the city may grant license on any conditions it sees fit. *Schwuchow* v. *City of Chicago,* 68 Ill. 444; *Wiggins* v. *City of Chicago,* id. 373.

Appellant having taken license under the conditions of the ordinance, is estopped from objecting to the requirements. *Schwuchow* v. *City of Chicago,* 68 Ill. 444.

The case of *City of Clinton* v. *Phillips,* 58 Ill. 102, is not in point, as there the city had no power to suppress and prohibit, as here. In matters pertaining to the internal peace and well being of the State, its police powers are plenary. When these are concerned, the only limitations imposed are that such regulations must have reference to the common safety, comfort and welfare of society. Anything that endangers the public peace and welfare may be suppressed, and what does this, must be left to the wisdom of the legislative department. *Dunne* v. *The People,* 94 Ill. 120; *Lake View* v. *Rose Hill Cemetery Co.* 70 id. 191.

The State has determined that the business of the pawn-broker will endanger the public security, as it has delegated the power to cities and villages to "license, tax, regulate, suppress and prohibit pawn-brokers." Rev. Stat. chap. 24, sec. 62, sub. 41.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The decision in this case depends upon the validity of section 1713 of the revised ordinances of the city, relating to pawn-brokers. That ordinance is claimed to be unreasonable, unjust and oppressive, and without authority of law.

The first inquiry is, whether the legislature has conferred the power on the city council to pass the ordinance. The legislature has given the city council in cities, and the president and trustees in villages, the power "to license, tax, regulate, suppress and prohibit hawkers, peddlers, pawn-brokers, * * * and to revoke such license at pleasure." (Rev. Stat. chap. 24, sec. 62, sub. 41.) Under this grant of power

it is a matter purely discretionary with the city authorities whether they will license and regulate the business of pawn-brokers, or wholly prohibit and suppress business by them within the city. In such case, if the city grants a license, it may impose such conditions and burdens as it may see fit. This latitude of power grows out of the fact that it is discretionary to prohibit the business, or license it on such terms as the city may choose. *Schwuchow* v. *City of Chicago*, 68 Ill. 444; *Wiggins* v. *City of Chicago*, id. 373.

The case of *City of Clinton* v. *Phillips*, 58 Ill. 102, is referred to as an authority to show the ordinance before us is invalid, for want of power to enact it. The city of Clinton had no power given it to regulate, suppress or prohibit the sale of liquors, for certain specified purposes, by druggists. The charter of that city, under which its ordinance was passed, is as follows: "To restrain, prohibit and suppress tippling houses, dram-shops, gambling houses, bawdy houses and disorderly houses," (1 Private Laws, 1867, p. 779,) and not druggists. If that city had conferred upon it the power to license, tax, regulate, suppress and prohibit druggists, etc., then the decision referred to would have been in point here. As it is, the ruling in that case is to be applied to cases where only the same rights and powers are conferred, and it can not be invoked to show that the legislature may not give the power to pass the very ordinance there held invalid. In this case, without a license the appellant had no right to engage in the business of a pawn-broker within the city. He sought for and obtained the city's license to transact such business, and took the privilege his license conferred, subject to the restrictions and burdens imposed by the ordinance under which, alone, it could issue. This was an unmistakable recognition and admission of the validity and binding force of the ordinance. By taking such license he secured immunity from prosecution for engaging in his vocation, if he conformed to the terms on which it was given him. The ordinance cer-

tainly did not invade any right of property or other right, but it conferred a right. Appellant having profited by taking a license, with full knowledge of the conditions imposed, can not refuse to carry out such conditions.

We do not regard the ordinance as being "unjust, unreasonable, tyrannical and oppressive." The requirements objected to are but reasonable means to keep the pawn-brokers' business free from great abuse by thieves disposing of stolen goods in their shops. They are all made in the interest of the public, and are intended for the detection and prevention of crime. The ordinance is not tyrannical and oppressive, as the appellant was not bound to bring himself within its provisions. Before taking out license, appellant knew he had to keep a book containing an account and description of goods pawned, amount of money loaned thereon, the time of pledge, rate of interest, and the names of pledgors, and that such book must be kept open for the inspection of the mayor and any member of the police, and no objection seems to have been urged to these requirements, and it appears that appellant has always complied with them. If the city council had the power to pass section 1708, no good reason is perceived why it could not pass section 1713.

Appellant makes the point that this last section makes him guilty of a penal offence for not making a public disclosure of the business *already done* by him. We do not regard this section as requiring a *public disclosure* of the appellant's business. Giving the required information to the chief of police, —a public officer of the law,—does not give publicity to his business,—at least not so much as keeping his books open to the inspection of the mayor and any member of the police. It is not to be presumed that the chief of police will make an improper use of the information he receives under this section. On the contrary, it would be a breach of official duty for him to do so, or to make his information public except when necessary in the detection and punishment of crime.

But it is sufficient to say that we regard the ordinance in question as but a reasonable and proper exercise of the police power of the State, and as aimed at the detection and prevention of crime. It is well known that in our great cities thieves and the receivers of stolen property often dispose of the fruits of their crime by sale to second-hand dealers, or by pledge or sale to pawn-brokers, who may be perfectly free from any intention or disposition to aid such criminals. Such an ordinance also has a tendency to protect even such dealers and brokers from imposition and loss.

The evidence as to the probable effect of complying with the ordinance, on the business of the appellant, was properly excluded. The reasonableness and legality of an ordinance do not depend upon the testimony of witnesses as to its possible or probable effect.

Perceiving no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*