THE CITY OF PEORIA, Plaintiff in Error, *v.* JOHN H. CALHOUN, Defendant in Error.

ERROR TO PEORIA.

Where an action is brought for violating a city ordinance regulating the sale of fresh meats, it is erroneous to instruct the jury, that such an ordinance may be passed, if not unlawful as being in restraint of trade ; since if the power existed, the trade in violation of the ordinance could not be lawful.

It is for the court, not for the jury, to pronounce upon the legality of such an ordinance.

CALHOUN was sued for the violation of the market ordinances of the city of Peoria, and was found guilty, and fined five dollars. He appealed to the Circuit Court, where the cause was tried, and a verdict and judgment rendered in favor of the defendant; from which judgment the case is brought to this court by writ of error.

The city offered its charter, and the ordinance in question, which were accepted as proved.

The defendant confessed and admitted that he did sell and offer for sale fresh meats in said city, and outside of the market–

house, in violation of said ordinance, so passed and published as aforesaid; the same being his own meat, and so sold on premises which he had in his possession under a lease, in said city.

On behalf of the city, the court instructed the jury as follows:

The jury are instructed by the court, that the city of Peoria has, by virtue of her charter, power to pass ordinances prohibiting the sale of fresh meats at any other place in said city, than at the Central Market house in said city.

If the jury believe, from the evidence, that John H. Calhoun did, as charged in the complaint in this cause, sell fresh meats in said city, outside of the Central Market, (and within four or five blocks of the same,) in less quantities than by the quarter, they will find the defendant guilty, and fix his fine at not less than three, nor more than ten dollars; provided the jury further believe, from the evidence, that the City Council passed the ordinance read to the jury, and caused the same to be published in a newspaper published in the city of Peoria, in the manner required in the city charter, section ten, of article five, read to the jury, and that said ordinance is not in restraint of lawful trade.

The jury are instructed, that the city of Peoria has power to establish places as markets for the sale of fresh meats in said city, and to prohibit such sale at other places than such place, in less quantities than by the quarter.

In behalf of defendant below, the court instructed the jury as follows:

Unless the jury believe, from the evidence, that the ordinance offered in evidence is a legal and valid ordinance, they must find for the defendant.

That although the jury may believe, from the evidence, that the city of Peoria has power, by virtue of her charter, to pass ordinances prohibiting the sale of fresh meats in any other place than the Central Market, yet if the jury further believe, from the evidence, that the ordinances offered in evidence are in restraint of lawful trade, and the trade in fresh meats in itself is not unlawful, then they should find the defendant not guilty.

That if the jury believe, from the evidence, that the ordinance read in evidence is in restraint of lawful trade, they will still find the defendant not guilty.

That the City Council have no authority to pass an ordinance establishing markets, or prohibiting the sale of fresh meats in less quantities than by the quarter, at any other place except the Central Market, but by virtue of section thirteen, of article five, in the city charter, which is as follows : To erect market-house, establish markets and market places, and provide for the government and regulation thereof; and that under that power the city has not the right to fix the rents of the stalls of said market at such exorbitant rates that they cannot be leased, nor to use said market for the purpose of raising a revenue for the general purposes of the city.

Under the charter of the city of Peoria, the City Council has the right to regulate, but not to restrain or prohibit the sale or trade in fresh meats, and in pursuance of that right, said City Council may erect market-houses, establish markets, and pass ordinances to prohibit and punish persons who may sell such meats within the city of Peoria, and outside the limits of Central Market.

N. H. Purple, for Plaintiff in Error.

The city of Peoria, under its charter, had full power and authority to pass the ordinance. *Bush* v. *Seabury*, 8 John. 418; *Buffalo* v. *Webster*, Wend. 99; *Stokes and Gilbert* v. *Corporation N. Y.*, 14 Wend. 87; *Davenport* v. *Kelly*, 7 Iowa, 104; *Vanderbilt* v. *Adams*, 7 Cowen, 348; *The Mayor* v. *Yuile*, 3 Alabama, 137; *Harrison* v. *Vicksburg*, 3 Smedes & Marsh. 581.

Manning & McCulloch, and Ingersolls & Wead, for Defendant in Error.

The motion for new trial was properly overruled. If the jury found, either that the ordinances offered in evidence were in restraint of lawful trade, or that the city was using the market-house for the purpose of raising general revenue,

they were instructed to find the defendant not guilty.   There was sufficient evidence to support either of these positions. The verdict will not therefore be set aside because it is contrary to the evidence.   *Cross* v. *Casey et al.*, 25 Ill. 565; *Bloom* v. *Crane*, 24 Ill. 48; *Martin* v. *Ehrenfels*, 24 Ill. 187; *Gallup* v. *Smith*, 24 Ill. 586; *Morgan* v. *Ryerson*, 20 Ill. 346.

CATON, C. J.   The instructions given for the defendant, are all wrong, or nearly so.   They are based upon an erroneous principle which pervades them all.   The fourth and sixth may be selected as especially exhibiting this erroneous principle.   They are as follows:

"4.   That although the jury may believe, from the evidence, that the city of Peoria has power, by virtue of her charter, to pass ordinances prohibiting the sale of fresh meats in any other place than the Central Market, yet if the jury further believe, from the evidence, that the ordinances offered in evidence are in restraint of lawful trade, and the trade in fresh meat in itself is not unlawful, then they should find the defendant not guilty."

"6.   That if the jury believe, from the evidence, that the ordinance read in evidence is in restraint of lawful trade, they will still find the defendant not guilty."

This was virtually telling the jury, that although the city had the right to pass the ordinance, yet if they believed it was in restraint of lawful trade, it was not binding.   If the city had power to pass the ordinance, then no trade in violation of it could be lawful.   The proposition is repugnant to itself.   The third instruction in so many words refers it to the jury to determine, whether the ordinance was valid or not. That was for the court to determine.   The judgment is reversed, and the cause remanded.

*Judgment reversed.*