The Chicago and Alton Railroad Company

*v.*

Elisha Y. Harbur.

*Opinion filed June 21, 1899.*

1. Appeals and errors—*when Supreme Court is concluded by Appellate Court's finding of negligence.* The Supreme Court is concluded by the Appellate Court's acceptance of the finding of the jury of the existence of negligence charged in certain counts of the declaration, unless it is able to say there is no evidence tending to prove the allegations in that regard.

2. Same—*verdict not set aside for defective count if other counts are sufficient.* A verdict will not be set aside because of a defective count in the declaration if there are one or more counts which are sufficient to sustain it.

3. Same—*when appellant cannot complain of instruction.* An appellant railroad company cannot complain of an instruction authorizing the jury to find it guilty of negligence if they believed a certain state of facts, where it obtained an instruction that if the jury believed the converse of such facts to be true then it had discharged its whole duty to the plaintiff and should be found not guilty.

*Chicago and Alton Railroad Co.* v. *Harbur,* 80 Ill. App. 607, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Patton, Hamilton & Patton, for appellant.

Chapin & Woodruff, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

Appellant prosecutes this appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Sangamon county against it for the sum of $1000, for injuries received by the appellee on the 22d day of October, 1897, in the city of Ashland, Illinois, by reason of a collision between a train of the appellant and a two-horse wagon driven by the appellee, at Yates street.

The declaration consisted of three counts, the first of which charged the defendant with the careless, negligent and improper management of its train. The second alleged the failure to ring a bell or blow a whistle. The third seems to have been based upon section 27 of the Railroad act, (Rev. Stat. p. 812,) which provides as follows: "No railroad corporation shall run, or permit to be run, upon its railroad any train of cars for the transportation of merchandise or other freight without a good and sufficient brake attached to the rear or hindmost part of the train, and a trusty and skillful brakeman stationed upon said car, unless the brakes are efficiently operated by power applied from the locomotive." The count charged the defendant with omission to place a trusty and skillful brakeman upon the rear or hindmost car of the train, but did not negative the fact of the brakes being "efficiently operated by power applied from the locomotive." The defendant pleaded the general issue.

After the plaintiff had closed his case a motion was interposed by defendant to exclude all the evidence, and also for an instruction directing the jury to find the defendant not guilty, which motions were overruled. At the close of all the evidence defendant moved the court to instruct the jury to find for the defendant, which motion was also refused. After a motion for new trial was overruled, defendant moved in arrest of judgment, which also was overruled. An appeal has been prosecuted.

Upon examination of the record we find no evidence was introduced tending either to prove or disprove that the brakes were operated by power applied from the locomotive, and the Appellate Court, by its opinion, has accepted the finding of the jury with reference to the negligence charged in certain counts of the declaration. Unless, therefore, this court can say that there was no evidence tending to prove the allegations of the plaintiff's declaration it is concluded by the finding of the Appellate Court.

·Appellant's train consisted of about twenty-eight cars and was being backed down the track when the collision occurred, and there is testimony tending to show that no bell was rung or whistle sounded. The morning was dark and foggy. The plaintiff swears he approached the crossing slowly and with caution, and both looked and listened for the train, but saw none. The common law rule is changed by statute providing that where an entire verdict shall be given on several counts the same shall not be set aside or reversed on account of any defective count if one or more of the counts in the declaration are sufficient to sustain a verdict. *Shreffler* v. *Nadelhoffer*, 133 Ill. 536.

The instructions fairly stated the law to the jury, nor do we understand from the appellant's brief that any complaint is made of them, except the second instruction, which was based upon the third count of the declaration, and by which the jury were, in effect, informed that if they believed, from the evidence, that the injury was caused by failure of the defendant to provide a trusty and skillful brakeman upon the hindmost car of the train, and that the plaintiff was free from fault or negligence, the defendant would be liable. The converse of this instruction was procured to be given to the jury by the appellant, by which the jury were told that if they believed, from the evidence, that as the train of the defendant approached the crossing at Yates street the bell was ringing and a brakeman was stationed on the rear car of said train, and was then using due diligence to discover any person who might be seen on the track of the defendant, then the defendant had discharged its whole duty to the plaintiff and the jury should find it not guilty. Appellant cannot complain of an instruction where it has procured one on the same question to be given. *Illinois Central Railroad Co.* v. *Beebe*, 174 Ill. 13.

Finding no substantial error the judgment of the Appellate Court for the Third District will be affirmed.

*Judgment affirmed.*