AUGUST C. GOODRICH, Appellant, *vs.* FRED A. BUSSE, Mayor, *et al.* Appellees.

*Opinion filed December 21, 1910.*

1. MUNICIPAL CORPORATIONS—*ordinance may derive its validity from several sections or clauses of statute.* An ordinance may derive its validity from several different grants of power, and its validity does not necessarily depend upon any single clause or section of the statute concerning the power of the municipality to legislate upon the subject.

2. SAME—*Chicago ordinance prohibiting hawkers and peddlers from crying their wares is within the city's powers.* Section 1450 of the municipal code of Chicago, which prohibits hawkers, peddlers and other persons from crying their wares or making or causing any noise to be made to advertise their wares or call attention thereto, may be sustained under the grant of power to cities to regulate traffic and sales upon the streets and alleys and to regulate, suppress and prohibit hawkers and peddlers.

3. SAME—*when ordinance is not void for unjust discrimination.* Section 1450 of the municipal code of Chicago, which prohibits any person from crying his wares or otherwise making or causing a noise to be made to advertise such wares, "excepting in amusement grounds, parks, halls and other places duly licensed in accordance with the ordinances of the city," is not, by reason of such exception, void for unjust discrimination, as the classification so made rests upon a reasonable and natural basis.

4. SAME—*section 1450 of the municipal code of Chicago does not deprive peddlers of property without due process of law.* Section 1450 of the municipal code of Chicago, which prohibits persons from making or causing noises to be made to advertise or attract attention to their wares, does not deprive peddlers and hawkers of property without due process of law, since the ordinance is a mere regulation of a matter which might become a public nuisance.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

DARROW, MASTERS & WILSON, for appellant.

EDWARD J. BRUNDAGE, Corporation Counsel, CLARENCE N. BOORD, and JOHN J. BEILMAN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellant in the circuit court of Cook county, on behalf of himself and all other persons in the city of Chicago similarly situated, for an injunction to restrain the mayor and police department of the city of Chicago from enforcing in said city, against him and all other persons engaged in peddling fruits and vegetables in the city of Chicago, the provisions of section 1450 of the municipal code of said city, as amended on November 29, 1909, in force January 1, 1910, which reads as follows:

"That excepting in amusement grounds, parks, halls and other places duly licensed in accordance with the ordinances of the city, no person shall make, or cause, permit or allow to be made, any noise of any kind by crying, calling or

shouting, or by means of any whistle, rattle, bell, gong, clapper, hammer, drum, horn or similar mechanical device, for the purpose of advertising any goods, wares or mer- chandise or of attracting the attention or inviting the pat- ronage of any person to any business whatsoever."

The bill averred that appellant was engaged in peddling fruits and vegetables in the city of Chicago; that he owned and used in said business a horse and wagon; that he pur- chased fruits and vegetables upon Market street, in said city, from wholesale dealers, and that with his horse and wagon, loaded with fruits and vegetables, he drove through the streets and alleys of said city for the purpose of mak- ing sales of such fruits and vegetables; that in order to attract customers to his presence and the fruits and vege- tables which he had for sale, it was necessary that he make a noise by calling or shouting; that eighteen hundred per- sons in the city of Chicago were engaged in peddling fruits and vegetables and that in said city there were six thousand peddlers; that numerous prosecutions and convictions had been had under said ordinance, and that appellant had been arrested and was being prosecuted by the city authorities in the municipal court of the city of Chicago for a violation of said section of said municipal code. A demurrer was interposed by the city to the bill and sustained and the bill was dismissed for want of equity, and the judge before whom the case was tried having certified that the constitu- tionality of said section 1450 of the municipal code was in- volved, and that in his opinion the public interest required that the constitutionality of said section of the municipal code be passed upon by the Supreme Court, an appeal has been prosecuted to this court.

It is contended that said section of the municipal code is void, first, for unreasonableness; and secondly, by reason of the fact that it is in conflict with the constitutions of the State of Illinois and of the United States.

Section 1 of article 5, chapter 24, Hurd's Statutes of 1909, in part provides that the city council is empowered and authorized by ordinance: *"Twentieth—*To regulate traffic and sales upon the streets, sidewalks and public places. * * * *Forty-first—*To license, tax, regulate, suppress and prohibit hawkers, peddlers, pawnbrokers, keepers of ordinaries, theatricals and other exhibitions, shows and amusements, and to revoke such license at pleasure."

It has been held by this court (*Gundling* v. *City of Chicago,* 176 Ill. 340, and *Spiegler* v. *City of Chicago,* 216 id. 114,) that an ordinance may derive its validity from several different grants of power, and that its validity does not necessarily depend upon any single clause or section of the statute concerning the power of the municipality to legislate upon the subject covered by the ordinance. We think, therefore, that the section of the municipal code now under consideration may be sustained under the grant of power to the municipalities of this State which authorizes them to pass ordinances for the regulation of traffic and sales upon the streets and alleys of such municipalities and to regulate, suppress and prohibit hawkers and peddlers within such municipalities.

The appellant contends that the ordinance is unconstitutional for the reason that it unjustly discriminates against the business of the appellant in this: that it permits a person whose business is confined to amusement grounds, parks, halls and other places duly licensed by the city, to advertise his wares by public outcry, while the appellant is prohibited from so advertising his fruits and vegetables upon the public streets and alleys of the city. We think this contention is without force, for the reason that the appellant is not prohibited from selling or advertising for sale his fruits and vegetables in the places excepted from the operation of the section of the code by public outcry if he desires to frequent those places for the purpose of making sales, and it would seem clear that the conditions which

247—24

surround amusement grounds, parks, halls and other places duly licensed by the city so far differ from the conditions which are found. in and upon public streets and alleys of the city of Chicago that such differences would furnish a reasonable basis upon which to rest a classification which would support said section of the municipal code. It is obvious that persons frequent the places excepted from said section of the municipal code for reasons wholly different from those which influence the citizen when he builds his house or place of business upon the public streets or uses the public alleys of the city. At the one place the visiting public anticipates and expects there will be noise and confusion, while upon the streets and alleys of the city, outside of the noise and confusion incident to travel, it may well be expected order and quiet will be maintained. Especially is this true in a great city like Chicago, where a large per cent of its working people perform services at night and sleep during the day, and who, during their hours of rest in the daytime, should be protected by the city from being disturbed by the shrill outcries of fruit and vegetable peddlers as they pursue their calling throughout the city.

In *City of Chicago* v. *Brownell,* 146 Ill. 64, it was urged an ordinance was discriminatory which permitted book-making within the enclosure of incorporated fairs or race-track associations and prohibited book-making elsewhere. The court, on page 69, said: "If it were admitted that the ordinance, by implication, sanctions book-making, etc., within 'the actual enclosures of fair or race-track associations that are incorporated under the laws of the State,' etc., it does not appear that defendant in error, or any one else, is discriminated against. If anyone can lawfully engage in that business in those places at such times, for anything appearing in this ordinance defendant in error and all other persons so disposed can do the same. On the principle that a city council may discriminate between different localities within the city limits in granting license to sell intoxicating

liquors, 'making no distinction between persons, but between places, only,' as was held in *City of East St. Louis* v. *Wehrung,* 46 Ill. 392, this ordinance would be valid in any view which can be taken of it."

We do not think the ordinance is void by reason of the fact that the business of appellant is discriminated against, or will be discriminated against, by its enforcement.

Neither have we been able to discover that this ordinance is in conflict with the Federal constitution, in that it deprives the appellant of his property without due process of law. The appellant is not deprived of the right (as is contended by his counsel) to engage in the business of peddling fruits and vegetables upon the streets and alleys of the city of Chicago. The utmost the ordinance does is to regulate the business of the appellant, and all persons who are similarly situated, while pursuing their calling upon the streets and alleys of the city. This the city clearly has the right to do by the express provisions of the statute, (*Launder* v. *City of Chicago,* 111 Ill. 291,) and the ordinance being within the power conferred upon the city, we think it is valid.

While it may be conceded that the appellant has the right to sell fruits and vegetables upon the public streets and alleys of the city, clearly he has no vested property right resting in him to make a noise upon the streets of the city by advertising his fruits and vegetables by public outcry in such places, any more than he would have the right to advertise such articles by any other means upon the streets and alleys of the city the result of which would be to disturb the peace and quiet of the neighborhood in which he pursues his calling. It is apparent the advertising of the articles usually handled by peddlers upon the streets and alleys of the city by public outcry, especially if six thousand persons were engaged at one time in so advertising the articles which they were offering for sale, would soon, if

not immediately, become, if not controlled, a public nuisance and one which would urgently demand abatement.

The recent case of *New Orleans* v. *Fargot,* 116 La. 370, is directly in point. The charter of the city of New Orleans empowered and authorized the city council to pass ordinances "to preserve the peace and good order of the city" and "to suppress all nuisances." (Acts of 1902, p. 434.) The city passed an ordinance which provided that peddlers and hawkers should not outcry for sale of fruits, game, fish and other products usually sold in the market, in the streets and thoroughfares of the city. In sustaining the ordinance the court said: "In the exercise of police power the city council has some discretion. The ordinance  was not wanton nor arbitrary. A person engaged in peddling and hawking fruits has no right to bawl away in a manner that is annoying to others. The mere fact of selling was not the cause of the prosecution, but the manner of the peddler or hawker in offering to sell, which was, as we are led to infer by the charge and by the surrounding circumstances, loud and boisterous and within the terms of the ordinance, which sought to regulate the occupation and keep it in such bounds as that it would not be felt to be a nuisance. We are not concerned with the right or authority of the city council to prohibit the peddling and hawking of wares, but we do think that that body has the right and authority to put a stop to loud and boisterous outcries of over-zealous and anxious sellers of goods and wares on the public street."

From a careful examination of the questions involved in this case we are of the opinion section 1450 of the municipal code of Chicago is a valid ordinance and that the circuit court did not err in dismissing appellant's bill. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*