THE CITY OF CHICAGO, Plaintiff in Error, *vs.* HERBERT RIPLEY, Defendant in Error.

*Opinion filed April 19, 1911.*

1. MUNICIPAL CORPORATIONS—*ordinance passed in pursuance of express power will not be held unreasonable.* An ordinance passed by a municipal corporation in pursuance of express legislative authority will not be held invalid by the courts as being unreasonable.

2. SAME—*city has express authority to regulate piling of lumber within fire limits.* Under clause 93 of section 1 of article 5 of the Cities and Villages act a city has express power to pass an ordinance to regulate lumber yards and the piling of lumber within the fire limits.

3. SAME—*the fact that lumber-piling ordinance is not expressly limited to fire limits does not render it invalid.* The fact that an ordinance prohibiting the piling of lumber within one hundred feet of any previously erected residence is not, by its terms, confined to the fire limits is not ground for holding the ordinance invalid in case the violation occurs within the fire limits, even though it might be invalid as to violations occurring outside of such limits.

4. SAME—*ordinance is not invalid because it does not apply if residence has not been built.* The fact that an ordinance against piling lumber for storage or drying within one hundred feet of a residence does not apply to cases where the residence is built after the lumber is piled does not render the ordinance invalid for unjust discrimination, as the difference between vacant property and property already occupied by a residence is, in view of the object of the ordinance, a reasonable classification.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding.

GEORGE H. WHITE, Prosecuting Attorney, (HENRY M. SELIGMAN, and JOHN L. MCINERNEY, of counsel,) for plaintiff in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of debt commenced in the municipal court of Chicago by the city of Chicago, against Herbert Ripley, to recover a penalty for the violation of section 655

of the revised municipal code of Chicago, as amended, for piling lumber for the purpose of storage on a lot in the city of Chicago within one hundred feet of a private residence, which ordinance reads as follows: "No lumber shall be piled for the purpose of storage, seasoning or drying the same, within fifty (50) feet of any planing mill or woodworking manufactory, nor within one hundred (100) feet of any private residence, unless the same has been erected since the establishment of such yard." The case was tried before the court without a jury. At the close of the plaintiff's case the court held as the law of the case the following proposition: "The court holds as a matter of law, under the evidence in this case, as shown by the stipulation of the parties hereto, that section 655 of the revised municipal code of Chicago, as amended, is unreasonable, discriminatory, unconstitutional and void," and thereupon found the defendant not guilty and entered judgment for the defendant. The plaintiff duly excepted, and the court having certified that the validity of the ordinance upon which the action was founded was involved and that public interest required that it should be passed upon by the Supreme Court, a writ of error was sued out by the city from this court to review said judgment.

The case was tried upon the following stipulation of facts: (1) That the defendant, Herbert Ripley, prior to the commencement of the above entitled cause, had piled lumber in an enclosed lot within one hundred feet of a private residence, in the fire limits of the city of Chicago, for the purpose of storing the same; (2) that said lumber had been stored after the erection of said private residence, within said distance of one hundred feet; (3) that said storage has been, and continues to be, without the consent and permission of the city of Chicago; (4) that there now exist and are maintained one or more lumber yards and places for the storage of lumber within three blocks of the place where defendant's lumber is stored; (5) that such

other places for the storage of lumber have been established
before the erection of any residences within one hundred
feet of such places of storage but residences are now erected
within such distance of such places of storage, and that
such other places for the storage of lumber are being con-
ducted and maintained under license from and with the per-
mission of the city of Chicago; (6) that said defendant,
Herbert Ripley, is the owner in fee simple of the land up-
on which the lumber in question is placed and is also the
owner of said lumber; (7) that said defendant, Herbert
Ripley, has been prevented by the city of Chicago, through
its police, from continuing the storage of lumber upon said
premises in question; * * * (9) that the defendant,
Herbert Ripley, is a citizen, resident and tax-payer of Chi-
cago, Cook county, Illinois; (10) that many of the resi-
dents and property owners living and owning property near
said place where said lumber is stored object to and have
protested against such storage of lumber.

It is provided by paragraph 93 of section 1 of article 5
of the Cities and Villages act, that the city council shall
have power to pass ordinances "to regulate and prohibit
the keeping of any lumber yard, and the placing or piling
or selling any lumber, timber, wood or other combustible
material, within the fire limits of the city." (Hurd's Stat.
1909, p. 348.) Under this provision of the statute the city
of Chicago clearly had power to pass the ordinance in ques-
tion, and we do not think it can be said that the ordinance
is unreasonable. While the ordinance is not limited, in
express terms, to the fire limits, the stipulation shows the
lumber in question was stored within the fire limits of the
city, and the ordinance, as applied to this transaction, is
valid, although it might be otherwise if the lumber had
been stored outside the fire limits of the city. Where
an ordinance is passed in pursuance of an express power
granted by the legislature, it cannot rightfully be set aside
by the courts because they may deem it unreasonable. *City*

of *Peoria* v. *Calhoun,* 29 Ill. 317; · *Block* v. *City of Chicago,* 239 id. 251.

Nor do we think it can be said the ordinance is unconstitutional and void on the ground that it discriminates between the owners of residences which were constructed before and after the places for piling and storing lumber had been established. It would work a great hardship, in many instances, to require the owner of a lumber yard to remove his yard by reason of the fact that some lot owner had erected a private residence upon his lot within one hundred feet of such lumber yard, while, on the other hand, it would work no wrong to prevent a dealer in lumber from opening a lumber yard or storing lumber within a populous city and within one hundred feet of private residences then standing. We think the difference in situation between vacant property and property which is built upon, as residence property, is so marked that such difference may well be a valid basis upon which to base legislation intended to protect residence property from fire, as was plainly the object of the ordinance now under consideration. In *Goodrich* v. *Busse,* 247 Ill. 366, the validity of an ordinance of the city of Chicago which forbade hawkers and peddlers from crying their wares upon the public streets, which excepted from the operation of the ordinance amusement grounds, parks, halls and other duly licensed public places, was attacked as discriminatory legislation. The ordinance was, however, sustained on the ground that there was such a difference in the uses to which the streets of the city were devoted and the uses to which the enumerated public places of amusement were set apart as to form a valid classification for legislation of the kind then under consideration; and in *City of St. Louis* v. *Fischer,* 167 Mo. 654, the court had under consideration the validity of an ordinance providing that no dairy or cow stable should be established and no dairy or cow stable not in operation at the time of the passage of the ordinance should be main-

tained in the city without permission from the municipal assembly. The ordinance was sustained, although it did not apply to a dairy or cow stable that was in operation at the time the ordinance went into effect.

We are of the opinion that the ordinance in question is a valid exercise of the police power and that its enactment was authorized by the statute.

The judgment of the municipal court will be reversed and the case will be remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*