## F. A. Holzman, Appellant, v. City of Canton, Appellee.

1. LICENSES—*discrimination.* An ordinance requiring licenses from peddlers and hawkers which is not applicable to "farmers and gardeners and peddlers of fruit and vegetables from a basket by the person raising the same or his servants nor to the peddling of newspapers," does not discriminate against any person or class of persons but is applicable to all persons and only regulates voluntary action.

2. ORDINANCE—*may derive validity from different grants.* An ordinance may derive its validity from different grants of powers and does not necessarily depend on any single clause or section of the statute.

3. LICENSES—*right to require.* A city has the right to license peddlers of particular articles without requiring in the same ordinance that every peddler of any or all other articles shall be licensed.

4. ORDINANCES—*must be general.* Ordinances of municipal corporations must be general in their character and operate equally upon all persons within the municipality of the class to which the ordinance relates.

5. INTERSTATE COMMERCE—*what sales not.* Where defendant required purchasers of rugs on time to sign printed forms headed with the name of a firm with general offices in a foreign state, and the rugs were shipped in packages of twenty-five rugs which were broken and the rugs carried by him about the city and sold separately to different purchasers on time, such sales are not within the Interstate Commerce Act.

6. INTERSTATE COMMERCE—*elements determining.* It is the locality where the sale is made and the article is at the time of sale that determines whether it comes within the provisions of the Interstate Commere Act.

7. INTERSTATE COMMERCE—*sales.* The Interstate Commerce Act only has reference to sales in original packages and goods to be shipped from other states after the order is taken.

Appeal from the City Court of Canton; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 18, 1913.

ELWOOD & MEEK, for appellant.

A. E. TAFF, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Appellee brought this action against appellant to recover for violating section 1, of article II of the Revised Ordinances of the city of Canton, which is:

## "ARTICLE II.

### LICENSES FOR CERTAIN OCCUPATIONS.

Section 1. Hawkers and Peddlers: No person shall sell or attempt to sell or offer for sale any goods, wares or merchandise or any article or thing of value by peddling, hawking or public outcry, within the city of Canton without first having obtained a license therefor, under penalty of not less than five dollars nor more than one hundred dollars for each offense; Provided, that this section shall not apply to farmers or gardners bringing into the city and selling the produce of their farms and gardens, nor to the peddling of fruit or vegetables from a basket by the person raising the same or his servants, nor to the peddling of newspapers."

The appellant came to Canton and was found going from house to house about the streets of the city, with an armful of rugs which he was selling, delivering the rugs as sold, collecting part of the purchase price in cash and taking back contracts in the form of leases for the payment in instalments of the balance of the purchase money. The contracts, which he required purchasers of rugs on time to sign, are on printed forms headed, "C. F. Adams Co., General Offices, Erie, Pa., Stores in All Principal Cities. (Store Address) 123 North Adams St., Peoria, Ill." The rugs were

shipped by the Crawson Carpet Company of Newburgh, N. Y., in packages of twenty-five rugs. The packages were broken and the rugs carried by him about the city and sold separately to different purchasers, the form of the sale being a lease, under which the purchaser became the owner on full payment to a collector, who called to make collections from purchasers at regular intervals.

Two defenses are urged. The first is that a city has no right to pass any ordinance that will interfere with the Federal statute relating to Interstate Commerce. The Interstate Commerce Act only has reference to sales in original packages and goods to be shipped from other states after the order is taken. It is the locality, where the sale is made and the article is at the time of the sale, that determines whether it comes within the provisions of the Interstate Commerce Act. *Brown v. Maryland,* 12 Wheat. (U. S.) 419; *Robbins v. Shelby Taxing District,* 120 U. S. 489; *Hopkins v. U. S.,* 171 U. S. 578. Appellant did not take orders for carpets to be delivered, but received the goods in the original packages, broke them and carried the carpets about the city from house to house selling them and at the same time delivering them, a part of a package to each purchaser as he could find them. The first contention of appellant cannot be sustained under the admitted facts.

It is next urged that the ordinance is invalid and void in that it makes an unjust discrimination between peddlers of one class and peddlers of other classes.

This contention is based on the exemption from its provisions, of farmers and gardners, who peddle produce raised by themselves, and peddlers of newspapers. Paragraph 45 of section 63, article V, chapter 24 of the statutes gives cities the authority "To license, tax, regulate, suppress and prohibit" peddlers, etc. Section 23, chapter 5 of the statutes gives to every farmer and gardner the undisputed right to sell their products in any place or market where such articles are usually

sold without paying any city tax or license although cities have the right to prohibit such peddlers from obstructing streets, but there is no provision concerning the exemption of the peddlers of newspapers.

An ordinance may derive its validity from different grants of powers and does not necessarily depend on any single clause or section of the statute. *Goodrich v. Busse,* 247 Ill. 366. "Municipal corporations are mere creatures of the legislative will, and can exercise no powers except such as the State has conferred upon them. * * * Their governmental and administrative powers (other than those conferred by statutory or constitutional enactments, which are self-executing), can only be exercised by appropriate ordinances. Such ordinances must be general in their character, and operate equally upon all persons within the municipality, of the class to which the ordinance relates." *Zanone v. Mound City,* 103 Ill. 552; *People v. Blocki,* 203 Ill. 363. "Each person subject to the laws has a right that he shall be governed by general, public laws. Laws and regulations entirely arbitrary in their character, singling out particular persons not distinguished from others in the community by any reason applicable to such persons, are not of that class. Distinctions in rights and privileges must be based upon some distinction or reason not applicable to others." *Harding v. People,* 160 Ill. 459; *People v. Blocki, supra.* The exemptions in the ordinance are not of persons or of any classes of persons, but rather of occupations. If appellant desires to raise and peddle farm products or newspapers in Canton, he may do so without a license the same as any other person. If a newsboy or a farmer desires to peddle rugs he is required to have a license the same as is appellant. A city has the right to license peddlers of particular articles without requiring in the same ordinance that every peddler of any or all other articles shall be licensed. *City of Chicago v. Bartee,* 100 Ill. 57; *Metropolis Theater Co. v. City of Chicago,* 246 Ill. 20. An

ordinance which prohibits any person from crying his wares or otherwise making or causing a noise to be made by advertising such wares "except in amusement grounds," etc., is not by reason of such exception void for unjust discrimination as the classification so made rests upon a reasonable and natural basis. *Goodrich v. Busse,* 247 Ill. 366.

We are of the opinion that the ordinance in question does not discriminate against any person or class of persons, but is applicable to all persons and only regulates voluntary action.

Any person may be required to take out a license if he desires to do a business that comes within its provisions and it is optional with every person whether he will do a business that the ordinance requires shall be licensed.

The judgment is affirmed.

*Affirmed.*