(No. 19296.—

THE CITY OF LITCHFIELD, Appellee, *vs.* CHARLES THORWORTH, Appellant.

*Opinion filed December 20, 1929.*

470

DRYER & BROWN, (OMER POOS, of counsel,) for appellant.

GEORGE P. O'BRIEN, City Attorney, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, the city of Litchfield, began suit in the city court of Litchfield against appellant, Charles Thorworth, to recover a fine for the sale of intoxicating liquor in violation of an ordinance. Appellant filed a general and special demurrer to each of the five counts of the declaration, the demurrer was overruled, appellant elected to stand by his demurrer, a jury was selected, evidence was heard, a verdict for $175 was returned, motions for a new trial and

in arrest of judgment were overruled, judgment was entered upon the verdict against appellant, and an appeal has been prosecuted to this court on the ground that the constitutionality of an ordinance and a statute is involved.

The title of the Prohibition act is, "An act to restrict the manufacture, sale, transportation, possession and use of intoxicating liquor, aiding thereby in establishing uniformity in State and Federal laws in regard thereto." Section 38 of the act provides: "All cities and villages shall have full power to adopt ordinances embracing such provisions of this act as are applicable, and further to prohibit the manufacture, giving away, dispensing, selling, bartering, transporting, delivering, furnishing, possessing, keeping, purchasing, storing, advertising or exposing for sale, of intoxicating liquor for any purpose whatsoever. No permit nor other authority to manufacture, store, sell, prescribe or otherwise deal in the beverages or liquors for which a permit or other authority is required by this act, shall be issued to any person, or place, within the jurisdiction of any city or village which has duly enacted an ordinance prohibiting such act or acts; and any such permit shall become void upon the taking effect of such an ordinance."

It is insisted by appellant that section 38 is unconstitutional for the reason that the powers conferred by the section upon municipalities to pass ordinances with reference to intoxicating liquor are broader than the title of the act and are in violation of section 13 of article 4 of the constitution, and that this is the only section of the statute which confers jurisdiction upon municipalities to pass ordinances with reference to intoxicating liquor, and if section 38 is unconstitutional the ordinance is also invalid. In support of this contention it is insisted that the section gives municipalities full power to adopt ordinances embracing such provisions of the act as are applicable; that the delegation of this power does not follow the rule

of law that a statute must be complete in all of its terms and provisions when it leaves the legislative branch of the government; that the word "prohibit" as used in section 38 is broader than the word "restrict" in the title of the act, hence the body of the act is broader than the title; that the title is an act to restrict five uses of intoxicating liquor while section 38 prohibits fourteen uses, some of which cannot be reconciled with and are not synonymous of the expressions used in the title; that the last part of the section, which provides that any permit heretofore given shall become void upon the taking effect of an ordinance prohibiting such permit, is in conflict with sections 4, 6, 7 and 8 of the act because it gives municipalities the right to make void any permit issued by the Attorney General to a druggist, hospital or physician, and that this is a delegation to the municipality of more power than is exercised by the legislature itself.

The question as to the constitutionality of various provisions of the Prohibition act has been before this court on several occasions and the act has been held to be constitutional as against the grounds urged. The general rule requiring the body of the act to be within the title was considered in those cases. (*People* v. *DeGeovanni,* 326 Ill. 230; *People* v. *Jabine,* 324 id. 55; *Swierczek* v. *Baran,* 324 id. 530; *People* v. *Alfano,* 322 id. 384; *State of Illinois* v. *Milauskas,* 318 id. 198.) It was held in those cases that the Prohibition act, in the respects complained of, did not violate section 13 of article 4 of the constitution by including in its provisions subjects not expressed in the title; that the act is regulatory as well as prohibitive; that the right to enact laws prohibiting the manufacture, sale, transportation and possession of intoxicating liquor is inherent in the police power of a State and is not derived from the eighteenth amendment to the Federal constitution nor from the State constitution; that the State has power to prohibit the traffic in intoxicating liquor and to

adopt any means reasonably adapted to make prohibition effective, provided constitutional rights are not violated; that the constitutional provision with reference to the title of an act will be construed liberally in favor of the validity of the act, and that in order to render a provision void it must be incongruous with the title and must have no proper connection with or relation to the title. Where the general purpose is declared in the title the means of accomplishing that purpose are presumed to be intended as necessary incidents thereto, and any means reasonably adapted to the purpose indicated may be included in the act. If by fair intendment the provisions in the body have a necessary or proper connection with the title the act is not open to this constitutional objection. If the title is general any number of provisions may be contained in the act, no matter how diverse they may be, so long as they are not inconsistent with or foreign to the general subject matter, and may be considered in furtherance of such subject.

The object of the Prohibition act is not to entirely prohibit the sale, transportation and use of intoxicating liquor at all times, at all places and under all circumstances. If such had been the purpose of the act it would have been so stated in the title. The object of the statute is to prohibit the use of intoxicating liquors as a beverage, to impose prohibition, and to restrict, regulate, and even prohibit, their use for certain purposes. Therefore any means reasonably adapted to the purpose of restricting the manufacture, sale, etc., of intoxicating liquor may be included in the body of the act. One of the means of restricting the manufacture, sale and use of intoxicating liquor is to prohibit its use and sale at certain times, places and for certain purposes, or to prohibit its sale and use in certain places, at certain times and under certain circumstances for all purposes. A prohibition of the use of intoxicating liquor is necessarily a restriction on its use. The State

has authority, under its police power, to prohibit the manufacture and use of intoxicating liquor for any or all purposes, and it has the power to authorize municipalities to pass ordinances prohibiting such use. This power has existed in municipalities for many years under clause 46 of section 1 of article 5 of the City and Village act. Section 38 of this statute confers upon municipalities the same power which prior to that time they had under clause 46. The legislature had the right to make provision for the limited manufacture, sale and use of intoxicating liquor in various sections of the Prohibition act and at the same time authorize municipalities to entirely prohibit its manufacture, sale and use for any and all purposes within the limits of the municipality. Such provisions are within the general title of the act, are means of restriction and are within the police power, and section 38 does not violate section 13 of article 4 of the constitution. It necessarily follows that if section 38 is valid the ordinance is not void for the reasons urged.

The first section of the ordinance defines the word "person" and the word "still" as defined in the Prohibition act. It provides that the phrase "intoxicating liquor" shall be construed to include all liquor that is defined or declared to be intoxicating liquor by the provisions of section 2 of the Prohibition act. The second section of the ordinance provides that no person shall manufacture, sell, barter, transport, deliver or possess any intoxicating liquor, nor own, operate, maintain, have in his possession or have any interest in any still, except as he shall be authorized so to do by virtue of the Prohibition act. Appellant claims that on account of the failure of the ordinance to define the term "intoxicating liquor" except by reference to the statute, it was impossible to publish this entire ordinance, as required by statute.

Each count of the declaration alleged that the ordinance was published in a newspaper in the city of Litch-

field, and that on the dates when appellant unlawfully sold intoxicating liquor the ordinance was in full force and effect. This was an allegation of fact admitted by the demurrer. (*People* v. *Holten*, 259 Ill. 219.) Appellant does not question the power of the legislature to incorporate in a statute the provisions of another statute by reference, for the reason that all powers not taken away by the State or Federal constitution remain in the legislature, but he claims that municipal corporations are creatures of the legislature and have only those powers which are specifically granted to them; that the legislature has never granted to municipal corporations authority to enact an ordinance by reference to the provisions of a statute; that a city has no inherent authority to do so, and where there is doubt about the power it must be resolved against the municipality.

In 43 Corpus Juris, 520, it is said: "In the adoption of one ordinance a provision of another statute or ordinance may be adopted by reference and become part of such adopted statute or ordinance. Where a municipal ordinance incorporates a general statute by reference, the statute in its entirety need not be set out in the ordinance or entered upon the minutes of the corporation." Section 2 of the Prohibition act defines the phrase "intoxicating liquor." It is the sale of liquor of the kind specified in the statute that is prohibited. The statute confers authority on municipal corporations to prohibit by ordinance the sale of the kind of liquor prohibited by the statute. The municipality is bound by the definition contained in the statute and cannot prohibit the sale of liquor not prohibited by the statute. The ordinance only undertakes to prohibit and penalize acts already prohibited by statute. A municipal ordinance passed under proper authority will not be declared invalid because it prohibits acts already prohibited by statute. (*City of Decatur* v. *Schlick*, 269 Ill. 181; *City of Chicago* v. *Union Ice Cream Co.* 252 id. 311.) The

ordinance is not only consistent with but is a reiteration of the statute. An ordinance passed by a municipal corporation in pursuance of express legislative authority will not be held invalid by the courts as being unreasonable. (*City of Chicago* v. *Ripley*, 249 Ill. 466; *Landberg* v. *City of Chicago*, 237 id. 112.) The ordinance was not invalid because it incorporated by reference provisions of the statute.

Appellant insists that the last three counts of the declaration are defective because they allege that the sales were made by him "in violation of the Prohibition act of Illinois." Each of them also alleges that the sales were made in violation of the ordinance. These counts are not based upon the statute but are based upon section 2 of the ordinance. The clause, "in violation of the Prohibition act of Illinois," is not an essential part of either of the counts and may be treated as surplusage. The first two counts make no reference to the statute and are not open to this criticism. One good count in a declaration is sufficient to support a verdict. (*Jones* v. *Sanitary District*, 265 Ill. 98; *Olson* v. *Kelly Coal Co.* 236 id. 502.) The common law rule as modified by statute is, that where an entire verdict is based upon several counts it shall not be set aside or reversed on account of any defective count if one or more counts of the declaration are sufficient to sustain the verdict. *Chicago and Alton Railroad Co.* v. *Harbur*, 180 Ill. 394; *Shreffler* v. *Nadelhoffer*, 133 id. 536.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*